IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | | |
|---|---|---|
| BARBARA VAUGHN, et al., | ) | JUDGE MARK H. COHEN |
| | ) | |
| Plaintiffs, | ) | CIVIL ACTION FILE |
| | ) | |
| v. | ) | NO.  1:15-CV-02348 |
| | ) | |
| TRANSCEND SERVICES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS THE CLAIMS OF PLAINTIFF EDWARDS**

## I. INTRODUCTION

This is an action under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*. ("FLSA").  In the Complaint, plaintiff Lisa Edwards alleges that she was not paid the minimum wage during the time that she worked for defendant as a Medical Language Specialist between November 2011 and December 2012.

For the reasons set forth more fully below, Edwards' claims should be dismissed for two reasons.  First, any claim she may have is barred due to her failure to disclose it prior to her discharge in bankruptcy on August 22, 2014.  Second, her claim is time-barred under the FLSA's two-year statute of limitations because she cannot take advantage of tolling from a prior collective action in

1

which she voluntarily dismissed her claims and has not sufficiently pleaded willfulness to take advantage of a longer limitations period.[1]

## II.   STATEMENT OF FACTS PERTINENT TO THIS MOTION

### A. The *Cosentino* Litigation

Edwards was one of the named plaintiffs in a putative collective action filed on May 11, 2012 in the United States District Court for the Northern District of Illinois. *Cosentino v. Transcend Servs. Inc.*, N.D. Ill. Case No. 1:12-cv-03627. Although that case was conditionally certified, on September 25, 2014, it was decertified because discovery revealed that the putative class members were not "similarly situated" as the FLSA required. *Id.*, Doc. 284.

Upon decertification of *Cosentino*, the approximately 704 opt-in plaintiffs were dismissed from the case, but the remaining original named plaintiffs were not. Transcend accordingly moved to sever and dismiss the named plaintiffs' claims from the *Cosentino* action because they were misjoined. Because there was no common link among the original named plaintiffs, the district court severed each of their claims from Theresa Cosentino's claims. N.D. Ill. Case No. 1:12-CV-03627, Doc. 303, Slip. op. (attached as Exhibit A). Importantly, however, district court judge Ronald Guzman did <u>not</u> dismiss their claims as part of the

---

[1] Plaintiff Edwards is one of three individual plaintiffs joined in this case. This motion to dismiss is limited to Edwards.

severance order because as his Order explained, doing so would have caused the individual plaintiffs, including Edwards, to lose the tolling benefit of the original collective-action filing. *Id.*, slip op. at 2-3 (citing *Lee v. Cook Cnty., Ill.*, 635 F.3d 969, 971 (7th Cir. 2011) ("When a federal civil action is severed, it is not dismissed. Instead, the clerk of court creates multiple docket numbers for the action already on file, and the severed claims proceed as if suits had been filed separately.")).

Following severance of the *Cosentino* action, plaintiff Edwards's individual claim was automatically re-filed by the clerk in the Northern District of Illinois on February 18, 2015. N.D. Ill. Case No. 1:15-cv-01653, Doc. 1. The district court judge overseeing that action, John W. Darrah, set an initial status hearing for March 11, 2015. *Id.*, Doc. 2. Rather than continue to pursue her claim, Edwards voluntarily moved to dismiss her complaint without prejudice on March 9, 2015.[2]

---

[2] Other severed plaintiffs from the *Cosentino* case filed amended complaints after Edwards moved to dismiss her complaint. For instance, plaintiff Patricia Clunk, who lives and worked in Virginia, sought leave to file an amended complaint in response to Transcend's motion to dismiss her claims on March 17, 2015. N.D. Ill. No. 1:15-cv-01652, Doc. 13. Likewise, plaintiff Dawn Pence, who lives and worked in South Dakota, sought leave to file an amended complaint in response to Transcend's motion to dismiss on March 30, 2015. N.D. Ill. No. 1:15-cv-01656.
   Then, on April 15, 2015, more than a month after Edwards moved to voluntarily dismiss her complaint, the judge in the still-pending *Pence* matter ordered the parties to brief the issue of personal jurisdiction as to plaintiff Pence. N.D. Ill. No. 1:15-cv-01656, Doc. 12. Up to that point, personal jurisdiction had

N.D. Ill. No. 1:15-cv-01653, Doc. 3.  The court granted her motion the same day.  N.D. Ill. No. 1:15-cv-01653, Doc. 4.  In other words, Edwards did exactly what Judge Guzman cautioned against when severing—but not dismissing—the *Cosentino* named plaintiffs' claims.

### B. Edwards' Bankruptcy Filing

In the meantime, Edwards and her husband, Tony Allen Edwards, Sr., filed for Chapter 13 bankruptcy on June 13, 2011.  N.D. Ga. Bankr. Case No. 11-42020-pwb (Doc. 1).  The case was discharged August 22, 2014.  *Id.* (Doc. 75).  Edwards' relevant bankruptcy filings are attached as Exhibit B.[3]  The pendency of the bankruptcy covered all of Edwards' employment with Transcend.

### III.  ARGUMENT

#### A. Edward's Claim Should Be Dismissed Because She Does Not Have Standing And Is Judicially Estopped From Asserting It.

---

not been raised in any context, either in *Cosentino*, or in any of the individual post-*Cosentino* cases, including the ones in which plaintiffs, represented by the same counsel representing Edwards in this case, filed amended complaints and opposed Transcend's motions to dismiss.

[3] This court may properly notice the records of her bankruptcy proceeding when considering this motion because a "district court may take judicial notice of matters of public record without converting a Rule 12(b)(6) motion [to dismiss] into a Rule 56 [summary judgment] motion." *Serpentfoot v. Rome City Comm'n*, 322 Fed.Appx. 801, 807 (11th Cir. 2009) (per curiam) (citing *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1278 (11th Cir. 1999)); *see also Universal Express, Inc. v. S.E.C.*, 177 Fed.Appx. 52, 53–54 (11th Cir. 2006) (per curiam) (holding that a district court could take judicial notice of filing in a separate case without turning motion to dismiss into motion for summary judgment).

4

### 1. Edwards Is Barred By Judicial Estoppel From Asserting Claims That She Failed To Disclose In Bankruptcy.

Edwards' claims are first barred by the doctrine of judicial estoppel because she failed to disclose them in her Chapter 13 bankruptcy case. "The doctrine of judicial estoppel has been applied consistently in the bankruptcy context notwithstanding its often harsh consequences." *Williams v. Tyson Foods., Inc.*, (*In re Tyson Foods, Inc.*), 732 F. Supp. 2d 1363, 1373 (M.D. Ga. 2010). A Chapter 13 debtor has a duty to amend her assets schedules, and "failure to timely amend a Chapter 13 reorganization plan to reflect a pending claim while simultaneously pursing that claim in another court of law constitutes inconsistent positions under oath." *Robinson v. Tyson Foods, Inc.*, 595 F.3d 1269, 1275 (11th Cir. 2010). "It is undisputed that a pending lawsuit seeking monetary compensation qualifies as an asset." *Id.* When a debtor fails to amend her schedules to reflect pending claims, she violates her "sworn duty to disclose that suit to her bankruptcy estate," and thus is estopped from asserting that claim outside the bankruptcy estate. *Id.*

Edwards, who was aware of her claim (because she asserted it in *Cosentino* during the pendency of her bankruptcy proceeding) accordingly cannot realize on her claim in this lawsuit because it existed during the pendency of her bankruptcy petition, and she failed to disclose it. Thus, the claim was property of the estate that Edwards hid from the estate, barring her from pursing it now. *See Williams,*

5

732 F. Supp. 2d at 1373 (barring FLSA opt-ins from pursing FLSA claims after they had failed to disclose the claim on their bankruptcy asset schedules).

Indeed, Edwards' failure to disclose bears indications of an intent to deceive because she did list other causes of action on her asset schedules, including her husband's worker's compensation claim, which was added through an amendment to the asset schedules.  *See* Ex. B, Amendment to Debtor's Schedule B (Doc. 62). So Edwards was clearly aware of her duty to disclose her assets, including litigation claims, but deliberately did not disclose the claims in this case.[4]

Edwards did not provide any notice whatsoever of this claim to her bankruptcy estate.  She is therefore barred from pursuing it in this action.

### 2. Edwards Does Not Have Standing To Assert Her Claim Because It Belongs To Her Bankruptcy Estate.

Additionally, Edwards lacks standing to pursue her FLSA claim because it became property of her bankruptcy estate as the real party in interest.  Beyond the constitutional standing requirements by which a party must demonstrate an actual

---

[4] The bankruptcy petition clearly states:

> EACH DEBTOR SHALL:
> 7. Notify the attorney immediately if Debtor is sued or wishes to file a lawsuit, including divorce, matters regarding personal or property injury (including any worker's compensation matters), and any other matter in which Debtor is involved in a lawsuit or legal action outside this court.

6

case or controversy, (*Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992)), a plaintiff must show that she is the "real party in interest" to meet prudential standing requirements. Fed. R. Civ. P. 17(a)(1) ("An action must be prosecuted in the name of the real party in interest.") When a bankruptcy petition is filed, assets of the debtor, including potential causes of action, become property of the bankruptcy estate, and the estate—rather than the debtor—becomes the real party in interest for the purposes of prudential standing. *Robinson*, 595 F.3d at ("all qualified property acquired by [debtor] during the pendency of her bankruptcy belonged to her bankruptcy estate and not her personally").

Thus, Edwards, who failed to disclose her claim during the pendency of her bankruptcy, which was discharged on August 22, 2014, cannot now maintain prudential standing to assert the claim when her bankruptcy estate was the real party in interest. Edwards cannot conceal the existence of the claims from the bankruptcy trustee, and then assert those claims after the trustee closes the bankruptcy case.

**B. Edwards is time-barred from asserting non-willful FLSA violations.**

Edwards' claim is also time-barred. Actions to recover unpaid overtime under the FLSA must generally be brought no more than two years after the cause of action accrues. *See* 29 U.S.C. § 255(a). The limitations period is extended to

7

three years only if the plaintiff can show that the violation was "willful," or in other words, that the employer "knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." *See* 29 U.S.C. § 255(a). Edwards' Complaint here is time barred under the two-year limitations period and for all but 26 weeks under a three-year limitations period because she lost the benefit of tolling from *Cosentino* when she voluntarily dismissed her claim without prejudice after *Cosentino* was severed.

The original named plaintiffs in *Cosentino* were misjoined, which is why Transcend moved to sever their claims under Fed. R. Civ. P. 21.  Rule 21 states in full that "[m]isjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party."

As the Seventh Circuit has explained, "[t]here's a reason why Rule 21 reads as it does: When a federal civil action is dismissed without prejudice, the statute of limitations runs continuously. . . . [W]hen a suit is dismissed, 'the tolling effect of the filing of the suit is wiped out and the statute of limitations is deemed to have continued running from whenever the cause of action accrued, without interruption by that filing." *Lee v. Cook Cnty., Ill.*, 635 F.3d 969, 971-72 (7th Cir. 2011) (internal citations omitted).

In *Lee*, the Seventh Circuit criticized a district court judge for ordering dismissals without prejudice in conjunction with a severance order. The dismissals, the Seventh Circuit, held, effectively prevented the severed plaintiffs from timely re-filing their claims because "a suit dismissed without prejudice is treated for statute of limitations purposes as if it had never been filed." *Id.* Quoting *Lee*, Judge Guzman in *Cosentino* was careful not to dismiss the original named plaintiff's claims when he severed them, instructing the clerk to re-file the individual named plaintiff's claims separately. Dismissal, of course, would have caused the plaintiffs to forfeit the tolling benefit of *Cosentino* because "once a suit is dismissed, even if without prejudice, 'the tolling effect of the filing of the suit is wiped out and the statute of limitations is deemed to have continued running from whenever the cause of action accrued, without interruption by that filing.' " *Ciralsky v. C.I.A.*, 355 F.3d 661, 672 (D.C. Cir. 2004) (internal citation omitted). "In short, 'when a suit is dismissed without prejudice, the statute of limitations is deemed unaffected by the filing of the suit, so that if the statute of limitations has run the dismissal is effectively with prejudice.' " *Id.* See also *Moore v. Chamberlain*, 559 F. App'x 969, 970 (11th Cir. 2014) ("The fact that dismissal of an earlier suit was without prejudice does not authorize a subsequent suit brought outside of the otherwise binding period of limitations"); *Beck v. Caterpillar Inc.,*

9

50 F.3d 405, 407 (7th Cir. 1995) (holding that a "suit . . .voluntarily dismissed pursuant to Fed.R.Civ.P. 41(a) . . . .is treated as if it had never been filed"); *Brown v. Hartshorne Pub. Sch. Dist. No. 1*, 926 F.2d 959, 961 (10th Cir. 1991) ("It is hornbook law that, as a general rule, a voluntary dismissal without prejudice leaves the parties as though the action had never been brought.")

Edwards' claim was voluntarily dismissed without prejudice in *Cosentino* on March 9, 2015 following her motion to dismiss. She did not have to move to dismiss her claim. She could have pursued it as an individual plaintiff in the case that was severed from *Cosentino*. Indeed, that is precisely the opportunity that Judge Guzman created for her. Instead, she voluntarily dismissed her claim despite the care that Judge Guzman took to ensure that the tolling benefit from the *Cosentino* filing would remain in place when the claims were severed. The effect of the *Cosentino* filing, however, was wiped out when she dismissed her claim, and as to Edwards, it is as if her claim was never brought in the first place. Thus, the relevant date for determining whether she has timely asserted her FLSA claim is December 31, 2012—the latest date she alleges she stopped working for Transcend. As to non-willful claims, she untimely filed her Complaint more than two years later on June 30, 2015.

**C. Edwards fails to state a claim for willful FLSA violations.**

The FLSA limitations period is extended to three years only if the plaintiff can show that the violation was "willful," or in other words, that the employer "knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute."  *See* 29 U.S.C. § 255(a); *Topp v. Lone Tree Athletic Club, Inc.,* Civil No. 13-cv-01645-WYD-KLM, 2014 WL 3509201, at *8 (D. Colo. July 15, 2014) (*citing Perez v. Mountaire Farms, Inc.*, 650 F.3d 350, 375 (4th Cir. 2011)). In *McLaughlin v. Richland Shoe Co.*, the Supreme Court held that to show willfulness under section 255(a), a plaintiff must show the employer "either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the [FLSA]." 486 U.S. 128, 133 (1988). The Court noted that "willful" is considered synonymous with "deliberate" and "intentional." *Id.*

A plaintiff's conclusory allegations of willfulness in a complaint are insufficient to support liability and warrant dismissal under Rule 12(b)(6). *See Hurd v. NDL, Inc.*, Civil No. CCB-11-1044, 2012 WL 642425, at *6 (D. Md. Feb. 27, 2012) (dismissing claim asserting willful violation of FLSA where plaintiff alleges no facts in support of conclusions that willful violations occurred); *Topp*, 2014 WL 3509201, at *8 (dismissing complaint where it alleges no factual support for willful violations; "[t]hus, because Plaintiff has failed to allege any facts suggesting that Defendant knew its actions violated the FLSA or that it acted

recklessly with regard to those actions' legality, the Court cannot accept Plaintiff's conclusion that Defendant's alleged violations of the FLSA were willful. Even if Plaintiff had plausibly alleged sufficient facts to support an FLSA claim, which he has not, his recovery would be limited to those alleged violations that took place within two years of his filing of this action."); *Colson v. Avnet, Inc.*, 687 F. Supp. 2d 914, 921–22 (D. Ariz. 2010) (finding that plaintiff's complaint, which simply stated "that Defendant 'intentionally, willfully, and repeatedly' violated the FLSA" failed to establish a plausible claim that defendant acted willfully); *Day An Zhang v. L.G. Apparel Inc.*, Civil No. 09-cv-3240 (KAM), 2011 WL 900183, at *4 (E.D.N.Y. Feb. 18, 2011) (dismissing complaint that alleged that defendants "knowingly and willfully" violated the FLSA without factual support). Unsupported labels and legal conclusions, such as plaintiffs' bare labeling of defendant's violations as "willful," are insufficient to establish a plausible claim. *See Topp*, 2014 WL 3509201, at *8 (citing *Twombly*, 550 U.S. at 556–57).

    In the *Hurd* case, the plaintiff alleged that the defendants willfully violated the FLSA because they allegedly knew or had reason to know that she was a non-exempt employee under state and federal law and, thus, was not receiving proper compensation. 2012 WL 642425, at *6.  The plaintiff did not, however, have factual support to back up her allegations. *Id.* The court, in determining that

dismissal of her willful claims was appropriate, explained that "Courts have found employers willfully violated [the] FLSA where they ignored specific warnings that they were out of compliance with [the] FLSA, destroyed or withheld records to block investigations into their employment practices, or split employees' hours between two companies' books to conceal their overtime work." *Id.*  In declining to give her assertions the same level of credence, the court stated that "[p]roof of willfulness must be far stronger, such as evidence that the defendant had previously been investigated for FLSA violations, or evidence of a scheme by the employer to cover-up FLSA violations." *Id.* (*citing Williams v. Maryland Office Relocators*, 485 F. Supp. 2d 616, 621 (D. Md. 2007)).  Ultimately, the court held that "even drawing all inferences in [plaintiff's] favor, her argument for a three-year statute of limitations falls short of the pleading standard." *Id.*

   Here, Edwards's allegations of willful FLSA violations are based entirely on documents and evidence that Judge Guzman already determined do not establish FLSA violations—much less willful ones.  The basis for Edwards's willful allegations are found in paragraphs 49-66 of her Complaint, in which she asserts that Transcend knew or should have known she worked in excess of the hours she self-reported based on download-upload data and software screen shots.

Judge Guzman already determined that what Edwards calls the "log-in, log-out" data, which is in reality download-upload data for transcription documents, does not reflect actual hours worked.  *See Cosentino v. Transcend Servs. Inc.*, N.D. Ill. Case No. 1:12-cv-03627, Sept. 25, 2014 Order, Slip Op. at 9 (noting that records are "wholly contradictory as the amount of time MLS Cosentino worked").  Indeed, the only means of determining Edwards's work hours on any given day is by using the hours <u>she</u> reported in Timesaver.  *See* Compl. ¶¶ 42-43.

As Judge Guzman already considered in *Cosentino*, Edwards also alleges that other "records generated" by the software, including BeyondTXT, "indicate" that Edwards "frequently worked in excess of [her] assigned shifts."  Compl. ¶ 52.  But again, these records do not show any such thing.  Judge Guzman already determined that these records cannot be relied upon to establish the extent of time worked by an MLS. Not only that, but Edwards alleges that she herself reported the time she worked to Transcend.  Compl. ¶¶ 42-43.  So Edwards does not satisfy her pleading burden with respect to willful claims in her attempt to stretch the limitations period to three years by identifying documentary evidence that was rejected by Judge Guzman as irrelevant.

## V. CONCLUSION

Edwards cannot hide the claim from her bankruptcy estate and later attempt to assert the claim on her own behalf. Further, her claims are time-barred because she filed her Complaint nearly three years after she resigned from Transcend, and she forfeited any benefit to tolling when she voluntarily dismissed her claims in the *Cosentino* action. Her conclusory allegations regarding willful violations are insufficient to state a claim for relief. As a result, this Court should dismiss Edwards's claim as untimely, for failing to satisfy pleading standards, and because Edwards is judicially estopped from asserting it.

Respectfully submitted, this 22nd day of September, 2015.

**BAKER & HOSTETLER LLP**

*/s/ Lisa N. Collins*
Lisa N. Collins
Georgia Bar No. 141523
1180 Peachtree Street N.E.
Suite 1800
Atlanta, Georgia 30309
Telephone: (404) 459-0050
Facsimile: (404) 459-5734
lncollins@bakerlaw.com

Gregory V. Mersol
(*admitted pro hac vice*)
Jeffrey R. Vlasek
(*admitted pro hac vice*)
Dustin M. Dow
(*admitted pro hac vice*)

                                                3200 PNC Center
                                                1900 East Ninth Street
                                                Cleveland, OH  44114-3485
                                                Telephone:  (216) 621-0200
                                                Facsimile:  (216) 696-0740
                                                gmersol@bakerlaw.com
                                                jvlasek@bakerlaw.com
                                                ddow@bakerlaw.com

                                                *Attorneys for Defendant*

**CERTIFICATE OF SERVICE, FONT AND MARGINS**

I hereby certify that on this 22nd day of September, I electronically filed the foregoing *Memorandum of Law in Support of the Motion to Dismiss Plaintiff's Complaint* with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to the following attorneys of record:

>Kevin J. Dolley
>Law Offices of Kevin J. Dolley
>2726 S. Brentwood Blvd.
>St. Louis, MO 63144
>Email: kevin@dolleylaw.com
>Attorney for Plaintiff
>
>Regan E. Keebaugh
>Radford & Keebaugh, LLC
>315 W. Ponce de Leon Avenue
>Suite 1080
>Decatur, GA 30030
>Email: regan@decaturlegal.com
>Attorney for Plaintiff

I further certify that I prepared this document in 14 point Times New Roman font and complied with the margin and type requirements of this Court.

>*/s/ Lisa N. Collins*
>Lisa N. Collins
>Attorney for Defendant